UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY R. TURNER, | No.  2:13-cv-1839 DAD P |
| Petitioner, | |
| v. | <u>ORDER</u> |
| DIRECTOR OF CDCR et al., | |
| Respondents. | |

    Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner has also filed an application to proceed in forma pauperis.

    Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit.  Accordingly, the application to proceed in forma pauperis will be granted.  <u>See</u> 28 U.S.C. § 1915(a).

**PRELIMINARY SCREENING**

    After reviewing the petition filed in this action, the court has determined that the pending habeas petition must be dismissed with leave granted to file an amended petition.  As an initial matter, petitioner devotes almost his entire petition to complaining about the conditions of his confinement at three different institutions of incarceration.  Specifically, petitioner complains about years of alleged retaliation, conspiracies, and inadequate medical care.  Petitioner is advised

that a civil rights action (not a habeas corpus action such as this) is the proper mechanism for a prisoner seeking to challenge the conditions of his confinement.  See 42 U.S.C. § 1983; Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991).  In any amended petition, petitioner should omit such allegations.

However, it appears that petitioner may also be attempting to challenge a prison disciplinary conviction and the resulting loss of credits in this habeas corpus action.  In this regard, at the conclusion of petitioner's petition he asks the court to reverse guilty findings entered against him in all prison disciplinary proceedings from February 16, 2011, through August 31, 2013, and to restore 900 days of lost credits to him.  In any amended habeas petition petitioner elects to file, he will need to specify what prison disciplinary proceeding he is challenging and explain why the procedures prison officials employed in connection with that proceeding were constitutionally infirm.[1]

**OTHER MATTERS**

Petitioner has filed a motion for the court to order respondent to file a response to his petition.  The court will deny the motion as unnecessary.  Petitioner is advised that the court will order respondent to respond to his petition when appropriate.

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (Doc. No. 7) is granted;

2. Petitioner's application for writ of habeas corpus is dismissed with leave to amend within thirty days from the date of this order;

3. Any amended petition must be filed on the form employed by this court and must state all claims and prayers for relief on the form.  It must bear the case number assigned to this action
/////

---

[1]  In addition, petitioner can challenge only one prison disciplinary conviction on constitutional grounds in a federal habeas action.  If petitioner wishes to challenge several prison disciplinary convictions entered with respect to separate rule violation charges, he must file a separate federal habeas challenge as to each disciplinary conviction he seeks to challenge.  Finally, petitioner is forewarned that he must exhaust each of his claims by presenting then first to the California Supreme Court before seeking habeas relief in federal court.

and must bear the title "Amended Petition."  Failure to file an amended petition will result in dismissal of this action;

    4.  The Clerk of the Court is directed to send petitioner the form for habeas corpus application; and

    5.  Petitioner's motion for an order to show cause (Doc. No. 8) is denied as unnecessary.

Dated:  February 13, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
turn1839.amd

3