UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY R. TURNER,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>DIRECTOR OF CDC,<br><br>　　　　Respondent. | Case No.: 1:14-cv-00392-LJO-JLT<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS (Doc. 28)<br><br>ORDER DIRECTING OBJECTIONS TO BE FILED WITHIN TWENTY-ONE DAYS<br><br>ORDER DISREGARDING PETITIONER'S MOTION FOR ORDER TO SHOW CAUSE, MOTION FOR TEMPORARY RESTRAINING ORDER, AND MOTION FOR PERMANENT INJUNCTION (Doc. 29) |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

The instant petition was filed on September 5, 2013, in the Sacramento Division of this Court. (Doc. 1). Petitioner filed a first amended petition on March 3, 2014, raising four grounds for relief. (Doc. 11). Three of the grounds were based upon a prison disciplinary hearing, while the fourth clearly challenged conditions of Petitioner's confinement. On March 20, 2014, the case was transferred to the Fresno Division. (Doc. 13). On April 4, 2014, the Court dismissed the claim challenging conditions of confinement and ordered Respondent to file a response to the remaining

1

three claims. (Doc. 17). On June 25, 2014, Respondent filed the instant motion to dismiss, contending that the claims in the first amended petition were unexhausted and, alternatively, that they were procedurally barred. (Doc. 28). On August 7, 2014, Petitioner filed his opposition to the motion to dismiss. (Doc. 29). On August 12, 2014, Respondent filed a Reply to Petitioner's opposition. (Doc. 30).

## DISCUSSION

### A. Procedural Grounds for Motion to Dismiss

As mentioned, Respondent has filed a Motion to Dismiss the petition because it contains unexhausted claims and also because review of those claims is procedurally barred. Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed Respondent's to file a Motion to Dismiss in lieu of an Answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a Respondent can file a Motion to Dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's Motion to Dismiss is based on Respondent's contention that Petitioner has never presented his claims to the California Supreme Court. Accordingly, the Court will review Respondent's Motion to Dismiss pursuant to its authority under Rule 4. O'Bremski, 915 F.2d at 420.

### B. Exhaustion.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial

opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for

reviewing the claim may be or how obvious the violation of federal law is. Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added), as amended by Lyons v. Crawford, 247 F.3d 904, 904-5 (9th Cir. 2001).

Where none of a petitioner's claims has been presented to the highest state court as required by the exhaustion doctrine, the Court must dismiss the petition. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001). The authority of a court to hold a mixed petition in abeyance pending exhaustion of the unexhausted claims has not been extended to petitions that contain no exhausted claims. Raspberry, 448 F.3d at 1154.

Here, the record before the Court establishes that the remaining three claims in the first amended petition relate to alleged due process violations that purportedly occurred in connection with a November 29, 2012 prison disciplinary hearing.[1]  Petitioner had previously challenged that disciplinary hearing in a state habeas petition presented to the California Supreme Court.  (Doc. 28, Ex. 1).  The California Supreme Court denied Petitioner's habeas petition, citing People v. Duvall, 9 Cal.4th 464, 474 (1995); In re Dexter, 25 Cal.3d 921, 925 (1979); and In re Swain, 34 Cal.2d 300, 304 (1949).  (Doc. 28, Ex. 2).

Dexter holds that "a litigant will not be afforded judicial relief unless he has exhausted available administrative remedies."  In re Dexter, 25 Cal.3d at 925. Therefore, Petitioner's failure to comply with the prison's administrative remedies, as set forth in state regulations, foreclosed any consideration of the merits of the petition by the state high court.

Petitioner acknowledges his failure to exhaust his administrative remedies in both the first amended petition and in his petition before the California Supreme Court.  In the former, Petitioner notes that he did not pursue his administrative appeal beyond the second level of review (Doc. 11, p. 18), and in the latter, Petitioner noted that his appeal was "rejected" and not processed.  (Doc. 28, Ex. 1, p. 19).  As Respondent correctly points out, a petitioner wishing to exhaust his administrative remedies must proceed through the *third* level of review.  Cal. Code Regs. Tit. 15, § 3084.7(c)(3).

From the foregoing, the Court concludes that Petitioner has not "fairly presented" any of his

---

[1] The fourth ground was dismissed on April 4, 2014 for failure to state a cognizable federal habeas claim.  (Doc. 17).

three claims to the California Supreme Court as required by the exhaustion doctrine. Because Petitioner has not presented his claims for federal relief to the California Supreme Court, the entire petition is unexhausted and, hence, the Court must dismiss the petition. See <u>Calderon v. United States Dist. Court</u>, 107 F.3d 756, 760 (9th Cir. 1997) (en banc); <u>Greenawalt v. Stewart</u>, 105 F.3d 1268, 1273 (9th Cir. 1997). The Court cannot consider a petition that is entirely unexhausted. <u>Rose v. Lundy</u>, 455 U.S. 509, 521-22 (1982); <u>Calderon</u>, 107 F.3d at 760. Therefore, Respondent's motion to dismiss should be granted and the petition should be dismissed for lack of exhaustion.[2]

   C. <u>Procedural Default</u>.

Alternatively, Respondent argues that the claims in the instant first amended petition are procedurally barred, noting the California Supreme Court's citation to <u>Dexter</u>. The Court agrees.

A federal court will not review claims in a petition for writ of habeas corpus if the state court denied relief on those claims based on a state law procedural ground that is independent of federal law and adequate to support the judgment. <u>Coleman v. Thompson</u>, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). The doctrine is based on principles of comity and federalism. <u>Id</u>. at 730. Procedural default will bar federal habeas corpus review so long as the state court "clearly and expressly states that its judgment rests on a state procedural bar." <u>Harris v. Reed</u>, 489 U.S. 255, 263, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989).

   1. <u>Denial on State Procedural Grounds</u>

A federal court can only enforce a state procedural bar if the state court "declined to reach the issue for procedural reasons." <u>Franklin v. Johnson</u>, 290 F.3d 1223, 1230 (9th Cir.2002). The

---

[2] Respondent's exhaustion argument relies on the California Supreme Court's citation to <u>Dexter</u>. As noted above, however, the state court also cited to <u>Swain</u> and <u>Duvall</u>. A citation to <u>Duvall</u> stands for the proposition that a petitioner has failed to state his claim with sufficient particularity for the state court to examine the merits and/or he has failed to "include copies of reasonably available documentary evidence supporting the claim, including pertinent portions of trial transcripts and affidavits or declarations." <u>Duvall</u>, 9 Cal.4th at 474. A citation to <u>Swain</u> indicates that a petitioner has failed to allege his claims with sufficient particularity. <u>Kim v. Villalobos</u>, 799 F.2d 1317, 1319 (9th Cir. 1986). In <u>Kim</u>, the Ninth Circuit required that, where a state court has failed to reach the merits of a decision as evidenced by a citation to <u>Swain</u> and/or <u>Duvall</u>, it was incumbent upon the federal court to examine the petitioner's state petition to determine whether the "fair presentation" requirement has been met for purposes of exhaustion. <u>Id</u>. at 1320. Here, however, since the state court <u>also</u> denied the petition with a citation to <u>Dexter</u>, indicating Petitioner's failure to exhaust state administrative remedies, no such similar requirement is imposed on this Court by the Ninth Circuit. Accordingly, for exhaustion purposes, the citation to <u>Dexter</u> alone is sufficient, without the need to review the state petition, to establish that the claims in the first amended petition were never considered on their merits by the state court and, thus, were not "fairly presented" within the meaning of the AEDPA.

California Supreme Court has stated that the requirement of exhaustion of administrative remedies is a fundamental rule of procedure which applies to habeas corpus petitions. In re Muszalski, 52 Cal.App.3d 500, 503–508 (1975); Abelleira v. District Court of Appeal, 17 Cal.2d 280, 293 (1941).

In this case, the California Supreme Court clearly indicated that the petition was denied on procedural grounds because Petitioner failed to exhaust his administrative remedies. (Ex. 6, citing In re Dexter, 25 Cal.3d 921, 925 (1979).)

2. Procedural Ground Independent of Federal Law

"For a state procedural rule to be 'independent,' the state law basis for the decision must not be interwoven with federal law." LaCrosse, 244 F.3d at 704 (citing Michigan v. Long, 463 U.S. 1032, 1040–41, 103 S.Ct. 3469 (1983)); Morales v. Calderon, 85 F.3d 1387, 1393 (9th Cir.1996) ("Federal habeas review is not barred if the state decision 'fairly appears to rest primarily on federal law, or to be interwoven with federal law.'" (quoting Coleman, 501 U.S. at 735, 111 S.Ct. 2456)). "A state law is so interwoven if 'the state has made application of the procedural bar depend on an antecedent ruling on federal law [such as] the determination of whether federal constitutional error has been committed.'" Park, 202 F.3d at 1152 (quoting Ake v. Oklahoma, 470 U.S. 68, 75, 105 S.Ct. 1087 (1985)).

Petitioner's unsupported arguments to the contrary, California's administrative exhaustion requirement falls entirely under state law, as the California Supreme Court has indicated that the exhaustion prerequisite does not rely on federal law, but rather a long-established state rule. Dexter, 25 Cal.3d at 925 (describing administrative exhaustion requirement as a "general rule" and citing several California cases); Muszalski, 52 Cal.App.3d at 503 (describing requirement as "well settled as a general proposition"). This Court has regularly relied on the independence of Dexter as a state procedural bar. See, e.g., Yow Ming Yeh v. Hamilton, 2013 WL 3773869, *3 (E.D.Cal. July 17, 2013)(administrative exhaustion is independent state law procedural ground); Dean v. Hubbard, 2013 WL 19077450, *3 (E.D. Cal. May 7, 2013)(same); Davis v. Swarthout, 2012 WL 244211, *2 (E.D.Cal. Jan 25, 2012)(same); Johnson v. Harrington, 2011 WL 1807219, *2 (E.D.Cal. May 11, 2011)(same); Gaston v. Harrington, 2009 WL 3627931, *2 (E.D. Cal. Oct. 29, 2009)(same); Rodriguez v. Yates, 2009 WL 3126317, *3 (E.D. Cal. Sept. 24, 2009)(same). Thus, here, the state court denied the petition on an independent state law ground.

### 3. Adequacy of State Procedural Grounds

To be deemed adequate, the state law ground for decision must be well-established and consistently applied. Poland v. Stewart, 169 F.3d 573, 577 (9th Cir.1999) ("A state procedural rule constitutes an adequate bar to federal court review if it was 'firmly established and regularly followed' at the time it was applied by the state court.") (*quoting* Ford v. Georgia, 498 U.S. 411, 424, 111 S.Ct. 850 (1991)). Although a state court's exercise of judicial discretion will not necessarily render a rule inadequate, the discretion must entail "'the exercise of judgment according to standards that, at least over time, can become known and understood within reasonable operating limits.'" Id. at 377 (*quoting* Morales, 85 F.3d at 1392).

California's rule that an inmate must exhaust his administrative remedies is well-established and has been applied since 1941. Abelleira, 17 Cal.2d at 292–293, 109 P.2d 942. In addition, California courts have consistently applied this rule since Abelleira.  E.g ., Dexter, 25 Cal.3d at 925; Muszalski, 52 Cal.App.3d at 503; In re Serna, 76 Cal.App.3d 1010, 1014 (1978); Humes v. Margil Ventures, Inc., 174 Cal.App.3d 486, 494 (1985); Wright v. State, 122 Cal.App.4th 659 (2004). Therefore, this procedural ground is adequately applied and, as such, bars federal review by this Court.

### 4. Miscarriage of Justice

If the court finds an independent and adequate state procedural ground, "federal habeas review is barred unless the prisoner can demonstrate cause for the procedural default and actual prejudice, or demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice." Noltie v. Peterson, 9 F.3d 802, 804–805 (9th Cir.1993); Coleman, 501 U.S. at 750, 111 S.Ct. 2456; Park, 202 F.3d at 1150. The Supreme Court has "not identified with precision exactly what constitutes 'cause' to excuse a procedural default." Edwards v. Carpenter, 529 U.S. 446, 451, 120 S.Ct. 1587 (2000).  However, "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986).

Petitioner contends, without any support, that his constitutional rights were violated by prison staff, and also that he suffered from various psychological problems while attempting to act as his own attorney in the administrative appeal process.  To the extent that Petitioner contends that staff acted

1  inappropriately, he has failed to provide any evidence that staff actually impeded his ability to
2  complete the administrative appeal process.  Regarding Petitioner's claim of mental incompetency,
3  Petitioner attaches to his opposition to the motion to dismiss various prison forms detailing
4  medications Petitioner was taking during the relevant period from November 29, 2012, the date of the
5  rules violation hearing, until November 13, 2013, the date Petitioner filed his state habeas petition in
6  the California Supreme Court.  However, the Court is not medically trained and, without further
7  evidence, is unable to appreciate the effects that these prescribed drugs might have had on Petitioner,
8  nor has Petitioner presented any additional medical evidence as to effects or side-effects that his
9  prescription drugs may have had that would have limited Petitioner's ability to complete the
10 administrative appeal process.  More importantly, the appeals at the first and second levels, which
11 occurred during the relevant twelve-month period, both show Petitioner to be lucid and fully
12 competent to explain his claims and to voice his objections in a coherent manner.  In sum, Petitioner
13 has failed to show that some objective external factor was the cause for his failure to utilize the
14 administrative appeals process. Accordingly, the instant petition is barred by the doctrine of
15 procedural default.

16     A state procedural bar that is both adequate and independent will be enforced by the federal
17 court on habeas review unless Petitioner shows cause and prejudice or a fundamental miscarriage of
18 justice.  Harris, 489 U.S. at 262; Coleman, 501 U.S. at 750.  In his opposition to the motion to dismiss,
19 Petitioner has not put forward either contention.  Rather, he asserts only that Respondent's motion to
20 dismiss in not supported by sufficient facts (Doc. 29, p. 3), while reasserting his claims that prison
21 employees are violating his constitutional rights by mistreating him and physically assaulting and
22 abusing him.  (Id., pp. 5-14).  Such contentions, while potentially providing a basis for a claim
23 pursuant to 42 U.S.C. § 1983, do not in any way establish either cause or prejudice sufficient to
24 overcome the procedural bar discussed above.  Accordingly, review of Petitioner's remaining three
25 claims is barred is barred pursuant to Dexter.

26     Finally, in his opposition to the motion to dismiss, Petitioner appears to move for an order to
27 show cause, a temporary restraining order, and a permanent injunction to prohibit Respondent's
28 employees from conspiring to retaliate against Petitioner for exercising his constitutional rights.  (Doc.

8

29, pp. 1-2). As the Court has advised Petitioner on several occasions in these proceedings, the Court's habeas jurisdiction extends <u>only</u> to challenges to the length or duration of Petitioner's confinement, while any claims that the conditions of Petitioner's confinement are actionable must be raised in a civil rights action pursuant to 42 U.S.C. § 1983. <u>McCarthy v. Bronson</u>, 500 U.S. 136, 141-142 (1991); <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 485 (1973). This Court has no jurisdiction to entertain injunctive relief that is beyond the scope of the Court's habeas jurisdiction. Accordingly, Petitioner's motions for injunctive relief and an order to show cause will be disregarded.

**ORDER**

For the foregoing reasons, Petitioner's motion for order to show cause, motion for temporary restraining order, and motion for permanent injunction (Doc. 29), are **DISREGARDED**.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss be GRANTED and the first amended petition be DISMISSED for lack of exhaustion and as procedurally barred.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within 21 days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within 10 <u>court</u> days after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **September 10, 2014**           **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE